# Fischer, Appellant, v. Taylor.

*Trespass—Deceit—Sale of stock — Alleged misrepresentation — Nonsuit.*

In an action in deceit for damages alleged to have been sustained by plaintiff by reason of fraud practiced upon her by defendant in inducing her to buy certain mining stock, by misrepresenting the character and output of the mine, a nonsuit was properly entered where it did not appear that plaintiff had sustained any damage by reason of the purchase of the stock, or that defendant intentionally deceived her by saying anything which he knew was not true, or which was so wild, extravagant and reckless that an inference could be drawn that he knew it could not be true.

Argued Jan. 25, 1917. Appeal, No. 355, Jan. T., 1916, by plaintiff, from order of C. P. No. 3, Philadelphia Co., Sept. T., 1909, No. 400, refusing to take off nonsuit in case of Mary F. Fischer v. William R. Taylor. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for deceit. Before FERGUSON, P. J.

From the record it appeared that plaintiff sued to recover $10,000 as damages by reason of the sale to her by the defendant of 1,200 shares of stock of the Guanacevi Tunnel Company at $5 a share.

Plaintiff testified defendant told her the company owned and operated a fully developed gold mine, with ore running from $2 to $21 a ton; that it cost $2 to work and mill, and there would be a net profit of $2 a ton; that there were 22,500,000 tons of ore thoroughly explored and blocked out that would yield the company fifty million dollars; that the ore would run $4 a ton on the average and it would cost $2 to work it and there would be $2 profit; that it was working two shifts of people and there was new machinery and a new stamping mill, and a larger mill had been bought and was on its way to Mexico to be put in, and there were thousands

of tons of ore on the dump outside the shaft and outside of the tunnel; that these veins alone that were really blocked out and thoroughly explored would allow the company to run a lifetime, at least, the mines would run a lifetime at a large profit.

Plaintiff also stated defendant gave her certain pamphlets and told her the matters in the pamphlets were true facts, that he knew them to be true facts of his own knowledge.

There was no testimony that any of these alleged representations were untrue except the testimony of one witness that the mine was not fully developed. It was not shown that the defendant knew that the representations which it was alleged were made were untrue.

There was no testimony to show what the real value of the stock which the plaintiff purchased was at the time she purchased it.

Other facts appear in the opinion of the Supreme Court.

The trial judge entered a compulsory nonsuit which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Trevor T. Matthews,* for appellant.

*William T. Connor,* with him *John R. K. Scott,* for appellee.

Per Curiam, March 12, 1917:

This is an action in deceit for the recovery of damages which the appellant avers she sustained by reason of fraud practiced upon her by the appellee in inducing her to buy certain mining stock. From the refusal of the court to take off the nonsuit entered when the plaintiff closed her case we have this appeal. Our examination of the testimony has satisfied us that the nonsuit was prop-

erly entered, and the action of the court below in refusing to take it off is sustained for the following reasons given by the learned trial judge in directing it to be entered: "We do not know but what Mrs. Fischer may have sold the stock before the company came to disaster, if it did come to disaster. We do not know anything about it. There is no evidence that she sustained any damage at all, but the thing which influences me in granting a nonsuit is that there is no evidence that Mr. Taylor deceived Mrs. Fischer intentionally, that is to say, that he said something which he knew was not true, or that he said something so wild and extravagant and reckless that an inference could be drawn that he knew it could not be true."

Judgment affirmed.